Filed 10/18/13  In re G.R. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re G.R., a Person Coming Under the Juvenile Court Law. | H039317 (Santa Clara County Super. Ct. No. JV39076) |
| THE PEOPLE, Plaintiff and Respondent, v. G.R., Defendant and Appellant. | |

A Welfare and Institutions Code section 602[1] petition (602 petition) alleged that G.R. (the minor) committed a burglary at a store and further alleged three drug and alcohol-related offenses.  After the minor admitted one of the drug offenses as well as committing the burglary, the People dismissed the other two charges.  He was placed on probation, but allowed to return home with electronic monitoring program (EMP).  The minor violated probation several times, was placed in the juvenile treatment court (JTC) program and eventually put in a residential treatment facility, which he also failed.

Following a contested dispositional hearing, the juvenile court ordered the minor committed to the juvenile rehabilitation facilities--enhanced ranch program for a period of six to eight months.  The maximum time of confinement was set at three years, eight

---

[1] All further statutory references are to the Welfare and Institutions Code.

months, with predisposition credits of 117 days.  The court further ordered the minor and his parent/guardian to pay a restitution fine of $625.98 and ordered attorney fees in the amount of $300, subject to the minor's and his parent's/guardian's ability to pay.

We appointed counsel to represent the minor in this court.  Appointed counsel filed an opening brief which states the case and the facts, but raises no specific issues. We notified the minor of his right to submit written argument in his own behalf within 30 days.  That period has elapsed, and we have received no written argument from the minor.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The "A" petition*

On April 5, 2012, a 602 petition was filed, charging the minor with two felonies, specifically possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a), count 1) and commercial burglary (Pen. Code, §§ 459, 460, subd. (b), count 4); as well as two misdemeanors, public intoxication (*id*., § 647, subd. (f), count 2) and possession of marijuana at school (Health & Saf. Code, § 11357, subd. (e), count 3).  In an interview with a probation officer, the minor admitted to possession of marijuana and concentrated cannabis at school.  He further admitted that he threw a rock through the glass door of a supermarket, went inside, and stole a case of beer and some vodka.  Though eligible for deferred entry of judgment, the minor was deemed unsuitable for that program because of his substance abuse problems as well as his poor behavior at school.

On May 21, 2012, the minor admitted counts 1 and 4 of the petition, and counts 2 and 3 were dismissed.  The minor was declared a ward of the court and was allowed to return home in the custody of his legal guardian on probation with conditions which included curfews, EMP, chemical testing, and counseling for substance abuse issues.

### B. *The "B" petition*

On May 30, 2012, a section 777 notice was filed, alleging that the minor failed EMP after leaving home without permission on May 26, 2012.  A bench warrant was

2

issued and the minor was arrested on June 29, 2012. On July 3, 2012, the minor admitted the violation of probation. He was screened for and accepted into the JTC program and placed back on probation with additional outpatient treatment requirements. A sanction of 60 days in juvenile hall was imposed and stayed to encourage his participation in the JTC program.

C. *The "C" petition*

On August 12, 2012, the minor again removed his ankle bracelet and left home, and a second section 777 notice was filed two days later. He admitted the violation of probation, and was again placed back on probation to participate in the JTC program.

D. *The "D" petition*

In September 2012, the minor failed to appear in court for his JTC program review and a bench warrant issued. He was arrested on October 12, 2012.

On October 15, 2012, a third section 777 notice was filed, alleging that the minor violated the "no alcohol/drug" condition of probation when he was cited for possession of marijuana on August 31, 2012, and when he was suspended from school on September 12, 2012, for being under the influence. It was also alleged that the minor violated the rules of EMP and absconded from probation when he removed the ankle bracelet and left home on September 13, 2012.

The minor admitted the violation of probation and was ordered to continue in the JTC program. On this occasion, he was placed in residential treatment at the Advent Treatment Center (Advent) when bed space became available on November 7, 2012.

E. *The "E" petition*

On December 14, 2012, a fourth section 777 notice was filed alleging the minor failed to complete a substance abuse treatment program as ordered by the court. According to the notice, the minor was failed from Advent due to disruptive behavior which included punching a hole in a wall during an argument with a counselor.

3

On December 20, 2012, based on concerns raised in the probation report which suggested the minor's guardian was homeless and unable to control the minor, defense counsel requested that a section 241.1 report be prepared. The court denied the request on December 21, 2012.

The minor admitted the violation of probation and a contested dispositional hearing was set.

At the outset of the dispositional hearing, defense counsel renewed her request for a section 241.1 report based on the possibility that the minor's guardian was homeless. The court denied the request, noting it had no information that the guardian was unwilling or unable to care for the minor and his brother.

The minor's probation officer from the JTC program testified at the hearing. At the time of the hearing, the minor had been on probation a total of eight months, six of that in the JTC program, and had violated his probation four times.

After the minor's first probation violation, the probation officer recommended a 60-day juvenile hall sentence as a sanction for another failure in the JTC program. The minor was advised that the sanctions for violating probation can get more severe. In November 2012, after his third violation of probation, the minor was placed in residential treatment at Advent for 90 days. The minor spent approximately 30 to 45 days at Advent before being failed from that program.

Because of his age at the time of the hearing (17 years, six months), the minor was too old for placement in any other residential treatment program. The minor's behavior while in JTC, at Advent, and at school, was the reason the probation officer recommended the juvenile ranch disposition. The juvenile ranch program consists of six to eight months in custody depending on the ward's behavior.

The minor's counselor from the Department of Drug and Alcohol Services also testified. He supervised the minor's treatment between July and November of 2012. The minor attended his intake appointment in September, but never returned for treatment. At

4

intake, the minor reported experiencing six blackouts in one year, four hospitalizations for substance abuse, and continued daily use of marijuana.  The counselor believed the minor should be given the opportunity to try intensive outpatient treatment, supplemented with AA and NA meetings.

The minor testified on his own behalf.  He admitted he violated the EMP because he was "going around with the wrong people and . . . wanted a [*sic*] drink and smoke." His family had since moved away from those people.  He did not receive any substance abuse treatment until he went to Advent in November 2012.  While at Advent, he had an individual counselor, and also participated in group treatment.  The minor participated in AA and NA meetings while in juvenile hall and hoped someday that he could have a sponsor to work with.  His brother graduated from the JTC program and was staying out of trouble, and the minor wanted that for himself.

The court ordered the minor committed to the juvenile ranch program for six to eight months depending upon his behavior in the facility.  The court believed that a structured environment was what the minor needed most.

The minor timely appealed.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the whole record and have concluded there is no arguable issue on appeal.

## II.    DISPOSITION

The dispositional order is affirmed.

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Elia, J.

6